

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RANDY WILLIAMS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:19-01340-MGL |
| | § | |
| SOUTH CAROLINA WORKERS' | § | |
| COMPENSATION COMMISSION, T. | § | |
| SCOTT BECK, GENE McCASKILL, and | § | |
| AISHA TAYLOR, | § | |
| Defendants. | § | |
| | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Randy Williams (Williams), proceeding pro se, filed this action seeking damages against Defendants South Carolina Workers' Compensation Commission (SCWCC), T. Scott Beck, Gene McCaskill, and Aisha Taylor (collectively, Defendants) for state tort claims. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Williams's complaint be summarily dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo*

determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on May 15, 2019. Williams filed his first set of Objections to the Report (Objections) on May 23, 2019. Williams filed supplements to his Objections twenty times between May 28,2019, and December 17, 2019 (Supplements). The Court has reviewed the objections but holds them to be without merit. It will therefore enter judgment accordingly.

The Magistrate Judge's recommendation focused exclusively on the lack of a federal cause of action alleged in the complaint, undermining Williams's assertion of federal question jurisdiction. Most of Williams's objections restate the substance of his allegations against Defendants, without addressing the jurisdictional issues identified by the Magistrate Judge. Some of these objections are directed at arguments not appearing in the Report at all. These allegations are quintessential "general objections," thus, fail to require de novo review. *Id.* The Court finds no clear error on the face of the record.

Through the Objections and Supplements, Williams claims Title VII of the Civil Rights Act, the Judicial Misconduct and Disabilities Act of 1980, the False Claims Act, the Fourth Amendment, and 42 U.S.C. §§ 1983 and 1985 are all applicable to his case. Within the Supplements, Williams also makes vague allegations of violations of his constitutional and civil rights. The complaint, however, fails to identify any of these federal statues as the basis for the

suit, claiming violations of state medical malpractice laws, with references to a failure by the SCWCC to properly enforce South Carolina's worker compensation laws.  Complaint at 13; Twelth Set of Supporting Documents to Complaint at 1.

"[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the complaint states only state-law claims; no federal causes of actions are presented. Williams has made no effort to amend his complaint to conform with the potential federal causes of action identified in his Objections and Supplements.  The face of Williams's complaint precludes this Court from exercising federal question jurisdiction over the action and the Court will therefore overrule Williams's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Williams's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Williams's complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance or service of process for lack of subject matter jurisdiction.  Further, because of the dismissal, Williams's motion for spoliation of evidences is **DEEMED MOOT**.

    **IT IS SO ORDERED.**

Signed this 13th day of January 2020 in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis  
                                        MARY GEIGER LEWIS  
                                        UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.